UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PEOPLE OF THE STATE OF NEW YORK;
INCORPORATED VILLAGE OF
ROCKVILLE CENTRE; VILLAGE COURT
OF THE INCORPORATED VILLAGE OF
ROCKVILLE CENTRE; VILLAGE JUSTICE
OF THE INCORPORATED VILLAGE OF
ROCKVILLE CENTRE; POLICE
DEPARTMENT OF THE INCORPORATED
VILLAGE OF ROCKVILLE CENTRE;
COMMISSIONER CHARLES GENARRIO
*RVCPD*, POLICEMAN XXX QUIGLEY
BADGE # 434; ALL COUNTY HOOK UP
TOWING, INC.; DOES 1 TO 15,

        Plaintiffs,

  -against-

MINISTER RA MAA NU AMEN BEY, A
Natural Person, In propria persona, Sui Juris,
Authorized Representative, BILV Holding, Ra
Maa Nu Amen, Trustee, not to be confused with
nor substituted with Pro Se and not a Statutory
Person, Authorized Representative, Ex. Rel.
Minister Ra Maa Amen Bey

        Defendant.
----------------------------------------------------------------x

**MEMORANDUM & ORDER**

14-cv-2278 (ENV) (MDG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 4 - 2014 ★
BROOKLYN OFFICE

VITALIANO, D.J.,

  Defendant Minister Ra Maa Nu Amen Bey ("Bey")[1], proceeding *pro se*, filed this notice of removal on April 9, 2014 seeking to challenge in federal court a parking ticket currently pending in the Village Court for the Village of Rockville

---

[1]  Bey is no stranger to this Court, having filed numerous frivolous actions over the years under a variety of different pseudonyms.

1

Centre. Bey has paid the filing fee to initiate this action. For the reasons discussed below, the Court concludes that it lacks subject matter jurisdiction and, *sua sponte*, dismisses the action and remands the case to the state court of original filing.

## Discussion

The Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Even a *pro se* plaintiff, however, must establish that the court of filing has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank N.A.*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available, generally, only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir.

1983); *see also* Fed. R. Civ. P. 12(h)(3).

Moreover, even if subject matter jurisdiction exists and regardless of whether a plaintiff has paid the filing fee, a district court may dismiss the case, on its own motion, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998).

Here, the State of New York has issued Bey a parking ticket, which, under the state's police power, orders him to either pay a fine or to appear in Village Court in the Village of Rockville Centre. (Notice of Removal at 40.) Bey asserts that this Court has jurisdiction to hear his challenge to that ticket based on the following "federal questions": "Constitution Treaty, Religious Liberty, Due Process: Non-Commercial Activity; No Transportation Activity; Rights of Travel, etc. Supreme Courts Rulings." (Notice of Removal at 6.) Assuming for argument sake only that a federal court could somehow exercise jurisdiction over what is plainly a state court parking ticket dispute, this sort of bald assertion of constitutional and federal statutory rights is insufficient to invoke the Court's jurisdiction. *See City of Rome v. Verizon Commc'ns Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.") Put another way, the complaint raises issues that are within the jurisdiction of state courts, not this one.

## Conclusion

The action removed by plaintiff from the Village Court of the Village of Rockville Centre is dismissed for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly to remand this action to the Village Court for the Village of Rockville Centre, and to close the case for administrative purposes.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    Brooklyn, New York
           May 30, 2014

/S/ Judge Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge